UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY SCOTT ENO,

        Plaintiff,

        v.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

        Defendant.

Civil No. 06-6013-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

        Plaintiff Gregory Scott Eno initiated this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the Act). Plaintiff requests judicial review of a final decision by the Commissioner of the Social Security Administration (SSA) denying his application for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. He seeks an order reversing the decision of the Commissioner finding plaintiff disabled, and remanding this action for an award of benefits. For the reasons stated below, this case is remanded for an immediate calculation of benefits.

## ADMINISTRATIVE HISTORY

---

[1] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and he should be substituted in these proceedings as such. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25 (d)(1).

1 - OPINION AND ORDER

Plaintiff alleges that he became disabled on September 10, 2001. On January 8, 2003, plaintiff filed an application for DIB and SSI. After his application was denied initially and on reconsideration, plaintiff was granted a hearing before Administrative Law Judge (ALJ) William L. Stewart on October 6, 2004. On December 20, 2004, the ALJ issued a decision finding plaintiff was not entitled to DIB or SSI. Plaintiff appealed the ALJ's decision to the Social Security Appeals Council, which denied his request for a review. This denial rendered the Commissioner's decision final. Plaintiff seeks judicial review of that decision.

## FACTUAL BACKGROUND

Plaintiff was forty years old at the time of his hearing. He attended high school and one year of college. He has worked as a cabinet builder at Country Coach, an attendant at a gasoline station, a truss assembler, a cashier, and a woodworker.

Plaintiff alleges disability due to conditions including a history of traumatic brain injury, with a cognitive disorder and hearing loss, an adjustment disorder with depressed mood, a history of poly-substance abuse, a history of a left ankle fracture, status post open reduction and internal fixation; a history of back pain; gastroesophageal reflux disease; and a history of hepatitis C, status post treatment, resolved. Tr. of Admin. R. at 28 (hereinafter, Tr.) Finding 3.

## STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner

meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision.  *Reddick*, 157 F.3d at 720-21.

## SUMMARY OF THE ALJ'S FINDINGS

At Step One of the five-step analysis used by the Commissioner, the ALJ found that plaintiff had not engaged in SGA since the alleged onset of disability.  Tr. 28.  At Step Two, the ALJ found that plaintiff's combined impairments were severe, including traumatic brain injury with a cognitive disorder and hearing loss; an adjustment disorder with depressed mood; a history of poly-substance abuse; a left ankle fracture; back pain; gastroesophageal reflux disease;

and a history of hepatitis C. *Id*. At Step Three, the ALJ found that plaintiff's impairments were not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. *Id*. The ALJ found that plaintiff retained a residual functional capacity (RFC) that limited him to lifting twenty-five pounds frequently and fifty pounds occasionally; climbing a ladder, rope, or scaffolding occasionally; and avoiding high noise levels; plaintiff was also found moderately limited in hearing, interacting appropriately with the public, working with a team, independently forming plans, and maintaining concentration. *Id*. The ALJ found that plaintiff could not follow complex instructions and has difficulty calculating rapidly without assistance and with academic subjects that rely upon reading and writing. *Id*.

At Step Four, the ALJ found that plaintiff's past relevant work was incompatible with plaintiff's RFC assessment. *Id*. As noted above, because of this finding, the burden shifted from plaintiff to the Commissioner to show that there are other jobs existing in significant numbers in the national economy that plaintiff can perform, consistent with his RFC, age, education, and work experience.

At Step Five, after considering plaintiff's RFC to allow a significant range of medium work, the ALJ found plaintiff not disabled within the meaning of the Act. Tr. 29. The ALJ, with the assistance of testimony from a vocational expert, determined that plaintiff could perform medium work that existed in significant numbers in the national economy, including employment as a wire worker, eyeglass assembler, and small products assembler. *Id*. The ALJ also concluded that even if plaintiff's impairments precluded plaintiff from working, his substance abuse should be construed as a "material factor" to such a finding. *Id*. Accordingly, the ALJ concluded that plaintiff was not entitled to an award of DIB or SSI.

**QUESTIONS PRESENTED**

Plaintiff contends that the ALJ erred by rejecting improperly the medical opinion of Dr. Alison Prescott, the examining psychologist, and by disregarding the lay testimony provided by plaintiff's mother and girlfriend. Errors involving the evaluations of the opinions of plaintiff's

treating physician compel remanding this action for a calculation and award of benefits. Accordingly, the possible merits of plaintiff's other arguments need not be reached.

## ANALYSIS

1.      Treating Physician Testimony

As noted above, plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Prescott.  In 2003, Dr. Prescott, an examining psychologist, observed that plaintiff's affect was flat, and his concentration and short-term memory was impaired.  Tr. 423-26.  In 2004, the psychologist completed another, more comprehensive psychologist evaluation.  Tr. 525-30.  Plaintiff's speech was "monotone," "somewhat rambling," and showed latency.  Tr. 527.  Plaintiff's affect appeared flat and he reported symptoms of depression.  *Id*.

As part of her analysis of the testing results, Dr. Prescott wrote:

> The clinical scale configuration indicates elevations on scales measuring physical symptoms, depression, anxiety, emotional reactivity, and possible schizophrenic symptoms.  Individual[s] with this profile code type are in a great deal of psychological turmoil.  They report feeling anxious, tense, and depressed.  They often have difficulties making minor decisions.  These individuals tend to be rather immature and dependent.  They react to frustration ineffectively and have difficulty with constructive problem solving.  They have difficulty thinking clearly and may show symptoms such as obsessive ruminations.

Tr. 529.

The psychologist noted that plaintiff has not recovered his "loss of cognitive functioning" since a severe automobile accident and remains impaired in his verbal reasoning, working memory skills, concentration, and "processing speed."  Tr. 529-30.  Moreover, plaintiff "continues to present with symptoms of Major Depression," and "show . . . restriction of daily activities, and poor social functioning."  Tr. 530.  "[E]ven without the issues of substance abuse," plaintiff's adjustments could be rated by the psychologist as "only fair."  *Id*.  Doctor Prescott diagnosed "strong cognitive impairments that impact [plaintiff's] ability to cope, adapt, and problem solve."  *Id*.

An ALJ must provide clear and convincing reasons for rejecting uncontroverted expert opinion, and must provide specific, legitimate reasons for rejecting controverted expert opinion. *Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995); *see also Embrey v. Bowen*, 849 F.2d 418,

422 (9th Cir. 1988) (clear and convincing reasons must be provided to support rejection of a treating physician's ultimate conclusions).

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). An ALJ need not accept a treating physician's opinion that is conclusory, brief, and unsupported by clinical findings. *Tonapetyan*, 242 F.3d at 1149 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). However, an ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments. *Lester*, 81 F.3d at 832-33 (citing *Embrey*, 849 F.2d at 422).

In addition to the above, Dr. Prescott diagnosed recurrent Major Depressive Disorder and "Cognitive Disorder NOS," and concluded that plaintiff was markedly limited in his abilities to understand, remember, maintain regular schedules and attendance, be reasonably punctual, or complete a normal workday. Tr. 426, 530-32. Doctor Prescott also completed a post-hearing evaluation that was submitted to the SSA's Appeals Council. Tr. 547-48. Her additional testing showed "significant impairments with many domains of neurological functioning." Tr. 548. Doctor Prescott's pre-hearing opinions were "given little weight" by the ALJ. Tr. 24. The post-hearing opinions were unpersuasive to the Appeals Council. Tr. 8.

It is debatable as to whether these opinions should be construed as uncontroverted in the record compiled by the ALJ. The ALJ's decision referred to observations made by Dr. Brandon Allen, an anesthesiologist who examined plaintiff at the request of the SSA. Tr. 22. Doctor Allen opined that plaintiff's memory was "somewhat impaired" and his cognition affected slightly, and that further cognitive evaluation of his reading and memory deficits could be warranted. Tr. 417-21. Doctor Prescott's extensive evaluations were conducted after Dr. Allen's observations were made and, accordingly, cannot be construed as controverted by Dr. Allen's (somewhat limited) opinions regarding plaintiff's mental health.

7   - OPINION AND ORDER

The ALJ also noted that psychologist Peter LeBray, Ph.D., examined the evidence of record in May 2003 and opined that plaintiff suffered only mild restrictions in his daily activities, concentration, and social functioning. Tr. 22, 463-77. This evaluation also occurred before Dr. Prescott's much more extensive examinations. Even if Dr. LeBray's views could, from a technical perspective, be construed as controverting Dr. Prescott's subsequent diagnoses and opinions, those views from a non-examining doctor are given limited weight and fail to justify a rejection of Dr. Prescott's opinions. *See Lester*, 81 F.3d at 831. This court concludes that the rationalizations presented for rejecting Dr. Prescott's opinions fall short of either the exacting standard for rejecting uncontroverted opinions (requiring clear and convincing reasons), or controverted expert opinion (requiring specific, legitimate reasons).

Besides cursory references to Dr. Allen's and Dr. LeBray's views (both provided before Dr. Prescott's more extensive examinations), the ALJ explained that "little weight" was given to Dr. Prescott's opinions because the doctor "appears to have relied substantially upon the claimant's reporting . . . rather than objective medical findings." Tr. 24. Moreover, the ALJ commented that Dr. Prescott "had seen the claimant only twice and did not have the advantage of the longitudinal medical evidence of record." *Id*. The ALJ also discredited Dr. Prescott's opinions because the doctor lacked the benefit of considering the insights provided in the testimony from plaintiff's parents regarding plaintiff's sleeping habits. Tr. 24-25.

These rationalizations for discounting Dr. Prescott's conclusions are neither adequately specific nor legitimate. The doctor's evaluations were plainly derived from objective medical findings, including extensive formal testing, as well as from appropriate reliance upon her patient's reporting. Similarly, the number of examinations conducted (two at the time of the ALJ's hearing) is not nearly as significant as the extent and comprehensive nature of those examinations, and to the extent that the ALJ discredited Dr. Prescott's results on the basis of contrary reasoning, that discrediting is rejected. Doctor Prescott's thorough and comprehensive evaluations should have also resolved any material concerns about whether Dr. Prescott benefitted from "the advantage of the longitudinal medical evidence of record." Tr. 24. The

8   - OPINION AND ORDER

other reason provided for discrediting Dr. Prescott appears to suggest that reports from plaintiff's parents about plaintiff's habits could be construed as controverting the doctor's medical findings. Tr. 25. This concern also fails as a specific, legitimate reason for rejecting the doctor's findings. Because the ALJ failed to provide legally sufficient reasons for rejecting Dr. Prescott's opinions and conclusions, this action must be remanded.

Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Id.* at 1178. A reviewing court should credit evidence and remand for a finding of disability and an award of benefits if: 1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; 2) there are no outstanding issues to be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited as true. *Smolen*, 80 F.3d at 1292.

Under these standards, remand for a finding of disability and an award of benefits is appropriate here. When the Commissioner provides inadequate reasons for rejecting the opinion of a treating or examining physician, that opinion is generally credited as true as a matter of law. *Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006) (citations omitted)*; see also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). Because it is clear from the record that, accepting this evidence as true, the ALJ would be required to find plaintiff entitled to DIB and SSI, this court remands this action to the SSA to calculate and award benefits. *See Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004).

In questioning directed to the vocational expert (VE) who testified at plaintiff's hearing, the VE opined that, given the limitations identified by Dr. Prescott suffered by plaintiff, a person could not engage in any work available in the economy in substantial numbers. Tr. 605-06. Therefore, there are no outstanding issues that must be resolved before a determination of

plaintiff's disability can be made. Based upon the administrative record before the court, there is no doubt that crediting Dr. Prescott's opinions requires a finding that plaintiff is disabled.

This court notes that the ALJ also offered an "alternative finding" that even if plaintiff's impairments precluded him from employment, "the overall evidence of record demonstrates that substance abuse would be a material factor to such a finding." Tr. 29. To the extent that this "alternative" conclusion was intended to preclude an award of benefits upon a subsequent determination of disability, this court notes that the ALJ concluded in the text of the decision that "the overall evidence of record does not indicate that the claimant has a substance abuse disorder which, during the period under review, has created severe limitations/absences." Tr. 21. Additionally, Dr. Prescott's conclusions addressed the impact of plaintiff's substance abuse explicitly, and her findings regarding "strong cognitive impairments" were the same regardless of the existence of that abuse. Tr. 530.

It is clear from the record that the ALJ must find the claimant disabled after crediting the evidence in question, and additional proceedings are unnecessary to determine plaintiff's entitlement to benefits. The record is fully developed, and further proceedings "would serve no useful purpose." *See Smolen*, 80 F.3d at 1292; *see also Lester*, 81 F.3d at 834 (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits).

When it is evident from the record that benefits should be awarded, remanding for further proceedings would only needlessly delay the realization of the primary purpose of the Act. *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995) (citation omitted); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993). Moreover, permitting the Commissioner a further opportunity to amend findings to comport with the denial of disability benefits is not in the interests of justice. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

## **CONCLUSION**

Based on the foregoing, this court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose. Under the applicable standards, after giving the evidence in the record the effect required by law, plaintiff Gregory Scott Eno is unable to engage in any substantial gainful activity by reason of his impairments, and he is disabled under the Act. Accordingly, the final decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the calculation and award of benefits to plaintiff.

    IT IS SO ORDERED.

    DATED this   13   day of March, 2007.

                                       /s/ ANCER L. HAGGERTY
                                        ANCER L. HAGGERTY
                                      United States District Judge